UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | |
|---|---|
| AMADEO SANCHEZ, | CASE NO. 3:11-CV-0273-LRH-WGC |
| Plaintiff, | MINUTES OF THE COURT |
| vs. | DATED: DECEMBER 22, 2011 |
| STATE OF NEVADA, et al., | |
| Defendants | |

PRESENT: HONORABLE WILLIAM G. COBB , U.S. MAGISTRATE JUDGE

Deputy Clerk: JENNIFER COTTER      Reporter: FTR: 9:06:09 a.m. - 9:41:20 a.m.

Counsel for Plaintiff(s): AMADEO SANCHEZ, In pro per

Counsel for Defendant(s): RAELENE PALMER

PROCEEDINGS: **TELEPHONIC MOTION HEARING / STATUS CONFERENCE**

9:06 a.m.  Court convenes.

The parties present argument as to their respective positions regarding the plaintiff's Motion for Physical and Mental Examination. (Docket #28.) The plaintiff states his request for the examination would be for the apparent purpose of establishing the alleged "deliberate indifference" of the NDOC medical personnel toward his medical condition.  The court does not find that an appointment for a medical expert or the ordering of a medical examination (particularly at defendants' expense) is appropriate under the circumstances.  The court exercises its discretion and sets forth its findings on the record.   IT IS ORDERED that the Motion for Physical and Mental Examination (Docket #28) is **DENIED**.

The Court also addresses Defendants' Objection  to U.S. Magistrate Judge's Minute Order. (Docket #35) The Court asked Deputy Attorney General Palmer to elaborate on  her argument that a scheduling order should not have been issued.  The Court stated that since the defendants had "appeared" in the action, under LR 16-1(b), the Court was under the impression that the issuance of a Scheduling Order was required.  Ms. Palmer made a vague reference to the Prisoner Litigation Reform Act which might be interpreted as delaying discovery in cases where prison officials have filed a motion for summary judgment.  The Court agreed that where "exhaustion" or "qualified immunity" were asserted as the basis for a motion for summary judgment, postponement of discovery might be appropriate.  However, since defendants' motion herein went beyond those two grounds, there did not appear to be justification for postponement of the Scheduling Order.[1]

---

[1]  A significant portion of defendants' motion for summary judgment is devoted to the issue of whether defendants were  "deliberately indifferent" to plaintiff's serious medical condition.  Docket #24, pp. 8-18

Ms. Palmer notes there is a motion to stay discovery included in the defendants' Objection. The Court inquired why the defendants did not seek a protective order under Rule 26 instead of asking for a "stay" for the first time in the Objection (Docket #35). Some discussion occurs as to the appropriateness of requesting a stay in that manner and the posture of current propounded discovery. The court stated that in view of defendants' Objection, both the "stay" issue and the propriety of issuing a scheduling order now seem to be matters for the Hon. Larry Hicks, District Judge. The court took no action on these two questions as they have been submitted to Judge Hicks.

Plaintiff is advised that, although he represents he has submitted a motion to strike defendants' motion for summary judgment (Docket #24), there is no response on file to defendants' Motion at the time of this hearing. Defendants' counsel has also not received any "Motion to Strike." Plaintiff is adamant he submitted a "motion to strike" and does not believe he has confused what he may or may not have filed in this case with another case he is prosecuting.

**IT IS ORDERED THAT THE CLERK SHALL SEND TO PLAINTIFF A COPY OF THE CURRENT DOCKET SHEET IN THIS CASE.** The court will calendar a review of the docket in the next week to see if any type of response is filed. If not, a further status conference may be scheduled to address this issue. Plaintiff was also advised of the requirements of Fed. R. Civ. P. 56(d) regarding any requests to delay decision on a motion for summary judgment pending completion of discovery.

9:41 a.m. Court adjourns.

                                        LANCE S. WILSON, CLERK

                                        By: /s/
                                        Deputy Clerk