UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMADEO SANCHEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE OF NEVADA, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | 3:11-cv-00273-LRH (WGC) <br><br> **ORDER ON MOTION FOR STAY OF DISCOVERY OR ALTERNATIVELY, MOTION FOR ENLARGEMENT OF TIME (FIRST REQUEST) (DOC. # 41)** |

Before the court is defendants' Motion for Stay of Discovery, or Alternatively, Motion for Enlargement of Time (First Request). (Doc. #41.)[1] Defendants seek to stay plaintiffs' discovery.[2] Alternatively, defendants seek to enlarge the time to respond to plaintiffs' discovery until after the district judge rules on defendants' request for a stay which was incorporated into defendants' Objection (Doc. # 35) to the issuance of a scheduling order. (Doc. # 41.)

Before getting to the merits of defendants' requests, the court will clarify and correct certain aspects of the case history described in defendants' motion.

First, defendants apply inappropriate significance to the Minutes of the October 20, 2011 status conference (Doc. #19). (*See* Doc. # 41 at 2.) The minutes are clear that: (1) a scheduling order was to

---

[1] Refers to the court's docket number.

[2] Defendants fail to comply with LR 26-7 which requires the full text of the discovery sought be set forth in full in a discovery motion, and that the parties meet and confer before filing a discovery motion.

be issued; and (2) defendants were to file a responsive pleading by November 9, 2011. (Doc. # 19.) The issuance of the scheduling order was not dependent on the filing of a responsive pleading by defendants.

Second, the court is concerned with defendants argument that a scheduling order should not issue because their motion for summary judgment asserts, among other defenses, qualified immunity. (*See* Doc. # 41 at 2, 5.) While a motion based solely on qualified immunity may justify a stay of discovery, defendants' twenty-five (25) page motion is based on three grounds in addition to qualified immunity. (*See* Doc. # 19.) As discussed at the December 23, 2011 status conference, defendants' Motion for Summary Judgment encompasses some 260 pages of documents, most of which pertain to the argument that defendants were not deliberately indifferent to plaintiff's medical condition. (*See* Minutes at Doc. # 40.) Nonetheless, defendants' object to plaintiff being allowed to conduct any discovery in order to oppose their motion, characterizing plaintiff's proposed discovery as unnecessary, duplicative, overbroad, and burdensome, without providing any further explanation of how the proposed discovery is improper. (Doc. # 41 at 6.)

While discovery might not be appropriate if defendants' Motion for Summary Judgment were solely predicated on qualified immunity, because defendants advance various other arguments, the interests of justice and Federal Rules of Civil Procedure require the court to allow plaintiff to undertake discovery to oppose defendants' motion.

Although defendants did not seek a protective order, defendants refer to authority that a party may seek an order staying discovery pending resolution of a potentially dispositive motion. However, the authority cited by defendants, *Mlejnecky v. Olympus Imaging America, Inc.,* contains an incorrect citation and does not address the proposition for which it is cited by defendants. Nevertheless, the court does agree that in certain circumstances, discovery should not be permitted until a motion is resolved. Typically, however, those cases are limited to a motion to dismiss. *See i.e., Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (approving protective order because substantive component of case was predicated on a nonreviewable military personnel decision which it found was nonjusticiable).

Third, the court disagrees with defendants' characterization of their appearance in this action as a "Limited Notice of Appearance of Counsel." Defendants did file a Limited Notice of Appearance

2

after entry of the Screening Order. (*See* Doc. # 7.) However, the court subsequently entered an order that this case would not be referred to formal mediation, and encouraged the parties to engage in informal settlement discussions. (Doc. # 8.) The parties each filed a status report indicating that they failed to reach an informal resolution. (Doc. # 10, Doc. # 12.) Defendants also requested an order setting a date for them file an answer or other response. (Doc. # 12.) Plaintiff filed a motion for an order that Defendants be required to answer and for the issuance of a scheduling order. (Doc. # 14.) Plaintiff also filed a Motion for Physical Examination (Doc. # 15), to which Defendants responded (Doc. # 17). The court subsequently held a hearing and issued an order that a scheduling order would be issued. (Doc. # 19.)

While "appearance" is not defined in the Local Rules, courts have held that when a party exercises an intent to litigate a case, that party has entered an appearance. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137 (1996) (holding that an appearance "involves some presentation or submission to the court[,]" and is "an indication in some way [of] an intent to pursue a defense." (internal quotations omitted))*;* Black's Law Dictionary (9th ed. 2009) (defining "appearance" as "[a] coming into court as a party or interested person; esp., a defendant's act of taking part in a lawsuit, whether by formally participating in it or by an answer, demurrer, or motion..."); Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, *Federal Practice and Procedure*, §2686 (3rd ed. 1998) (citations omitted) ("An appearance 'may arise by implication from defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to plaintiff other than one contesting only the jurisdiction...'"); *see also* Doc. # 29 in *Sanchez v. Baker*, 3:11-cv-00310-LRH (WGC).

Although these discussions of what constitutes an "appearance" were in the context of notice under Federal Rule of Civil Procedure 5(a) and default under Rule 55(b)(2), the analysis nevertheless provides a workable definition of an "appearance." In the context of this case, therefore, the defendants conceivably "appeared" as early as April 18, 2011, when they removed this case to federal court which set in motion efforts indicating defendants intention to contest the claims. At the latest, defendants "appeared" on October 17, 2011, when defendants filed a response (Doc. #17) to plaintiff's Motion for Physical Examination (Doc. #15).

With these preliminary issues in mind, the court turns to defendants' requests in the motion pending before the court. (Doc. # 41.) First, as to the request for a stay of discovery, the court will **defer** any ruling on that request as defendants included the same request in their objection (Doc. # 35) which is currently pending before the Hon. Larry R. Hicks.

The other component of defendants' motion is a request for an enlargement of time to respond to plaintiff's discovery pending resolution of the defendants' objection. This is raised for the first time herein and is not before Judge Hicks. Therefore, the request for an extension of time to respond to plaintiff's discovery until after Judge Hicks rules on defendants' Objection (Doc. #35) is **GRANTED**. As a result, plaintiff's obligation to respond to defendants' Motion for Summary Judgment should be similarly **STAYED**.

If the Objection (Doc. # 35) is sustained and a stay of discovery is entered, plaintiff will have **fourteen (14) days** after the district judge enters an order staying discovery to file any opposition to defendants' Motion for Summary Judgment.

If, on the other hand, the Objection (Doc. # 35) is overruled and defendants are directed to respond to plaintiff's discovery, then defendants shall have **fourteen (14) days** after the district judge enters such an order to respond to plaintiff's discovery. Plaintiff will then have **fourteen (14) days** after service of defendants' discovery responses on plaintiff to file and serve his response to defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: December 29, 2011.

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE