# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| AMADEO SANCHEZ, | ) | 3:11-cv-00273-LRH (WGC) |
| Plaintiff, | ) | |
| vs. | ) | |
| THE STATE OF NEVADA, *et al.*, | ) | |
| Defendants. | ) | |

Before the court is Plaintiff Amadeo Sanchez's (Plaintiff) Motion to Extend Copy Work Account (Doc. # 50)[1] which Defendants opposed (Doc. # 52).

In this action, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical need when they failed to provide him adequate treatment for hepatitis C. (Doc. #24 at 3:1-4.) Plaintiff seeks to extend his copywork limit and requests an order that he be sent copies of everything filed in ten (10) cases pending in state and federal court. (Doc. # 50 at 1.)

Plaintiff requests an extension of the copywork limit with respect to cases that are not filed in federal court. In fact, the only cases Plaintiff currently has pending in federal court are the instant action, 3:11-cv-00273-LRH (WGC), and 3:11-cv-00310-LRH (WGC). The court will not entertain a request to increase the copy limit with respect to actions that are not pending before it. This Order only addresses Plaintiff's request for an extension of the copywork limit in the instant action. Plaintiff's request for an extension of the copywork limit in 3:11-cv-00310-LRH (WGC) is addressed in a separate order in that action.

---

[1] Refers to the court's docket number

Plaintiff represents that throughout the course of litigating these lawsuits, he has relied on a fellow inmate for legal advice, and this jailhouse lawyer allegedly misplaced Plaintiff's documents before passing away on October 23, 2011. (Doc. # 50 at 1-2.)

An inmate plaintiff does not have a right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) ("numerous courts have rejected any constitutional right to free and unlimited photocopying"). Nevada Department of Corrections (NDOC) Administrative Regulation (AR) 722 governs copying of legal documents by inmates, and provides, "[c]opies of legal documents requested by inmates may be made for a nominal fee." AR 722.01(9), *available at* http://www.doc.nv.gov/?q=node/68. "Inmates can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." *Id*. Plaintiff indicates that he needs an increase in his copywork limit because his jailhouse lawyer misplaced his litigation documents. (Doc. # 50.)

A court may order a prison to provide additional photocopying when the prisoner demonstrates that an increase is necessary for an inmate to provide copies to the court and other parties. *See, e.g., Allen v. Clark County Detention Center*, 2011 WL 886343, at * 2 (D. Nev. March 11, 2011). Plaintiff has not provided any document that establishes his current account balance. Moreover, Plaintiff has not specified what documents he wishes to copy, other than stating generally that he wishes to get copies of all documents filed in all of his pending cases. Without being specific, the court will not grant Plaintiff an unlimited request to increase his copywork limit. The **Clerk** is directed to **SEND** Plaintiff a copy of the **docket** in *this* action only. If Plaintiff wishes to file another motion which indicates his account balance, and which specific documents he requests copies of in this action only, the court *may* entertain his limited request.

Accordingly, Plaintiff's Motion to Extend Copy Work Account (Doc. #50) is **DENIED WITHOUT PREJUDICE**.

 **IT IS SO ORDERED**.

DATED:   February 27, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE