UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | |
|---|---|
| AMADEO SANCHEZ,       )<br>          Plaintiff,        )<br>                            )<br>vs.                         )<br>                            )<br>STATE OF NEVADA, et al., )<br>                            )<br>          Defendant(s).  ) | CASE NO. 3:11-CV-00273-LRH-WGC<br><br>MINUTES OF THE COURT<br><br>DATED: MAY 14, 2012 |

PRESENT:  HONORABLE WILLIAM G. COBB , U.S. MAGISTRATE JUDGE

Deputy Clerk: KATIE LYNN OGDEN      Reporter: FTR: 2:30:40 p.m. - 3:27:34 p.m.

Counsel for Plaintiff(s): AMADEO SANCHEZ, In Pro Per (telephonically)

Counsel for Defendant(s): RAELENE K. PALMER (telephonically)

**PROCEEDINGS: MOTION HEARING**

2:30 p.m. Court convenes.

The court addresses the parties regarding the purpose of this hearing as it relates to the two pending motions in this matter–Defendants' Motion for an Order Re Discovery (Dkt. No. 55) and Defendants' Motion to Extend Time Re Discovery (Dkt. No. 56).

Ms. Palmer addresses the court and requests that Plaintiff be required to make a showing under Federal Rule of Civil Procedure 56(d), as he was required to do in Case No. 3:11-cv-00310-LRH-WGC (Dkt. No. 24). The court stated a discovery procedure employed in one case is not necessarily binding in another.

The court expressed its concern that Defendants failed to comply with Local Rule 26-7, requiring parties to provide the text of the subject discovery requests in connection with a discovery motion. While Defendants did not comply with Local Rule 26-7, the court was able to locate the discovery requests at issue in a prior submission filed by Plaintiff. The court was therefore able to

3:11-CV-00273-LRH-WGC (Sanchez vs. State of Nevada, et al)
May 14, 2012
Page 2

review the propriety of Plaintiff's proposed discovery. Although the court deemed a few of the discovery requests to be objectionable, it concluded that most were relevant to the medical issues presented by Plaintiff's case. Thus, Defendants were ordered to respond to Plaintiff's discovery requests, except as to those discovery requests the court deemed objectionable.

The parties further argue their positions as to whether or not defendant Keli Lyons had any involvement with Plaintiff's treatment. The court declares that it cannot rule on such an issue at this time, but it will be resolved on summary judgment. Even though counsel contends Ms. Lyons is not a proper party defendant, Ms. Lyons will have to respond to the discovery not deemed objectionable.

Discussion develops with respect to Case No. 3:11-CV-00310-LRH-WGC as it relates to a supplemental response submitted by Plaintiff. The court determines that Plaintiff was provided leave to file a supplemental response while Defendants were then granted to leave to file a supplemental reply brief, due May 24, 2012 (see Order, Dkt. No. 43).

Further discussion is made regarding Plaintiff's unprofessional and inappropriate statements within the context of his documents in Case Nos. 3:11-cv-273-LRH-WGC and 3:11-cv-310-LRH-WGC. Defendants request in open court to have Document No. 58 (Case No. 3:11-cv-273-LRH-WGC) stricken. While the court admonished Plaintiff that he should refrain from making any further statements in the future, it denied the request to strike Document No. 58.

Having heard from the parties and good cause appearing, the Court rules as follows:

(1) Defendants' Motion for an Order Re Discovery (Dkt. No. 55) and Defendants' Motion to Extend Time Re Discovery (Dkt. No. 56) are **DENIED**.

(2) Defendants are directed to respond to the discovery served by Plaintiff on or before **May 25, 2012**. The Court rules that the request for the production relative to all records intended to be used at trial need not be answered.

3:11-CV-00273-LRH-WGC (Sanchez vs. State of Nevada, et al)
May 14, 2012
Page 3

      (3) Plaintiff shall have up to and including **June 11, 2012**, to file a motion to compel, should he deem it necessary to do so.

      (4) Plaintiff shall have up to and including **June 15, 2012**, to respond to Defendants' Motion for Summary Judgment (Dkt. No. 24), and Defendants shall have up to and including **June 25, 2012**, to file a reply.  **NO FURTHER EXTENSIONS OF TIME WILL BE GRANTED.**

      (5) Ms. Palmer's oral motion for a protective order is **<u>DENIED</u>** as Defendants had ample time to bring such a motion.

      (6) In accordance with Document No. 43 in **Case No. 3:11-cv-00310-LRH-WGC**, the court confirms that Defendants shall have up to and including **May 24, 2012,** to file a supplemental reply brief to Plaintiff's supplemental opposition.

3:27 p.m.  Court adjourns.

                                                              LANCE S. WILSON, CLERK

                                                              By:_____/s/_____
                                                                   Deputy Clerk