# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AMADEO SANCHEZ, ) | 3:11-cv-00273-LRH (WGC) |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| vs. ) | July 6, 2012 |
| STATE OF NEVADA, *et. al.* ) | |
| Defendants. ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE OGDEN      REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's motion requesting an extension of the copy work limit. (Doc. # 58.)  Defendants opposed.  (Doc. # 62.)  In response, Plaintiff moved to strike Defendants' opposition.  (Doc. # 64.)

Plaintiff previously filed a motion requesting an extension of the copy work limit on January 13, 2012.  (Doc. # 50.)  On February 27, 2012, the court issued an order denying Plaintiff's request without prejudice.  (Doc. # 53.)  The reason for the denial was that Plaintiff sought an extension to make copies in cases other than the instant action, and Plaintiff did not specify what documents he wished to copy.  (*See id.*)

Plaintiff's current request similarly fails to specify what documents Plaintiff seeks to copy, and does not provide an amount for the copy work limit extension.  (*See* Doc. # 58.)

Defendants' opposition asserts that Plaintiff has not demonstrated a need or entitlement to an increase in his copy work limit as he has failed to specify what documents he wishes to copy and there is no obvious need for such an extension.  (Doc. # 62 at 1-3.)

Plaintiff seeks to strike Defendants' opposition on the grounds that it is misleading and disrespectful.  (Doc. # 64.)  The court disagrees.  In fact, the court finds that Defendants' Opposition (Doc. # 62) is a entirely accurate.  Accordingly, Plaintiff's motion to strike (Doc. # 64) is **DENIED**.

///

///

MINUTES  
PAGE 2  
3:11-cv-00273-LRH (WGC)  
_____

      With respect to Plaintiff's request to extend the copy work limit, an inmate plaintiff does not have a right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) ("numerous courts have rejected any constitutional right to free and unlimited photocopying"). Nevada Department of Corrections (NDOC) Administrative Regulation (AR) 722 governs copying of legal documents by inmates, and provides, "[c]opies of legal documents requested by inmates may be made for a nominal fee." AR 722.01(9), *available at* http://www.doc.nv.gov/?q=node/68. "Inmates can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." *Id*.

      A court may order a prison to provide additional photocopying when the prisoner demonstrates that an increase is necessary for an inmate to provide copies to the court and other parties. *See, e.g., Allen v. Clark County Detention Center*, 2011 WL 886343, at * 2 (D. Nev. March 11, 2011).

      Once again, Plaintiff has not provided any specific information regarding what documents he wishes to copy. Instead, he only states that his request for a copy work extension should be granted. Nor does Plaintiff indicate the amount of copies he seeks. As with Plaintiff's previous request, the court will not grant Plaintiff an unlimited request to increase his copy work limit.

      Therefore, Plaintiff's motion (Doc. # 58) is **DENIED WITHOUT PREJUDICE**. If Plaintiff wants to file another motion which indicates the amount of copy work he seeks, and specifics regarding the documents he would like to copy (in this action only), the court *may* entertain this limited request.

      **IT IS SO ORDERED.**

                                            LANCE S. WILSON, CLERK

                                            By:  /s/_____  
                                                      Deputy Clerk